Case 1:19-cr-00387-LDH   Document 13   Filed 12/13/19   Page 1 of 6 PageID #: 26

Case 1:19-cr-00387-LDH   Document 13   Filed 12/13/19   Page 1 of 6 PageID #: 26

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

☆  DEC 13 2019  ☆

BROOKLYN OFFICE

ML:JRS
F.#2019R01078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

BRANDON LOMAX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 19-387 (S-1) (LDH)
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(d)(1), 981(a)(1)(C), 1951(a), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p); T.
28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
### (Hobbs Act Robbery)

      1.    On or about July 8, 2019, within the Eastern District of New York and elsewhere, the defendant BRANDON LOMAX, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of John Doe 1, an individual whose identity is known to the grand jury, who was solicited over the Internet via a dating application.

      (Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TWO
### (Possessing and Brandishing Firearms During a Crime of Violence)

      2.    On or about July 8, 2019, within the Eastern District of New York, the defendant BRANDON LOMAX, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime

charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of such crime of violence, which one or more firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT THREE
### (Hobbs Act Robbery)

3.      On or about July 10, 2019, within the Eastern District of New York and elsewhere, the defendant BRANDON LOMAX, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of John Doe 2, an individual whose identity is known to the grand jury, who was solicited over the Internet via a dating application.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FOUR
### (Possessing and Brandishing Firearms During a Crime of Violence)

4.      On or about July 10, 2019, within the Eastern District of New York, the defendant BRANDON LOMAX, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Three, and did knowingly and intentionally possess such firearms in furtherance of such crime of violence, which one or more firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FIVE
### (Felon in Possession of a Firearm)

5.     On or about August 5, 2019, within the Eastern District of New York,

the defendant BRANDON LOMAX, knowing that he had previously been convicted in a

court of a crime punishable by a term of imprisonment exceeding one year, did knowingly

and intentionally possess in and affecting commerce a firearm, to wit: a Smith & Wesson

model M&P 9 Shield semi-automatic pistol and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND THREE

6.     The United States hereby gives notice to the defendant that, upon his

conviction of either of the offenses charged in Counts One and Three, the government will

seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c), which require any person convicted of such

offenses to forfeit any property, real or personal, constituting, or derived from, proceeds

obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States

Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require

any person convicted of such offenses to forfeit any firearm or ammunition involved in or

used in any violation of any other criminal law of the United States.

7.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21,

United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, FOUR AND FIVE

8.     The United States hereby gives notice to the defendant that, upon his

conviction of any of the offenses charged in Counts Two, Four and Five, the government will

seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title

28, United States Code, Section 2461(c), which require the forfeiture of any firearm or

ammunition involved in or used in any knowing violation of Title 18, United States Code,

Section 922 or Section 924, including but not limited to: one Smith & Wesson model M&P 9

Shield semi-automatic pistol, bearing serial number HVS0947, and ammunition contained

therein, seized in Brooklyn, New York, on or about August 5, 2019.

9.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been comingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))


A TRUE BILL

FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant United States Attorney

F.#:2019R01078
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### BRANDON LOMAX,

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Jonathan Siegel, Assistant U.S. Attorney (718) 254-6293*